William S. Pulley
vs.
Onawa Spinning Co.

W. C. A. 1622.

October 10, 1934.

TANNER, J. I feel the burden of proof has been sustained in this case, and I approached this case from the point of view of the medical testimony, and the medical testimony is clear that this was a traumatic injury. The doctor who testified was familiar with this woman's whole history, the whole medical history, and there is nothing in it that would support the theory that this woman at her slight age, comparatively, would be subject for a stroke. Strokes usually come from hardening of the arteries. She didn't have anything of this kind. There is nothing in the medical history to indicate that she was a subject for a stroke, and the doctor is very clear that this was not a stroke, but was a traumatic injury. Now, with that clear testimony all you need to say is that the rest of the testimony sufficiently jibes with it, giving due effect to any contradictions of Mrs. Doherty. The testimony of this woman, this deceased woman, indicated by the testimony of her whole family, and of other testimony, is that this woman did fall and strike her head, and even that she did slip on some oil. At any rate she thought she did. But she did slip and fall and strike her head. There is no thing that excludes that at all. Some people will say they didn't know it was so, but the testimony is sufficiently definite to that extent. And as I say, I start with the medical history in this case which is very clear to my mind. to the effect that this woman died of a traumatic injury which must have occurred that very night. That being so, I feel quite confident that the testimony is clear to the effect that this woman died from an injury during the course of her occupation and as a result of it, and therefore I must grant this petition. I will give you an exception.

For plaintiff: John R. Higgins, Esquire.

For respondent: Clifford A. Kingsley, Esquire.